# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-0709V**

FLORAIDA MARTINEZ, as natural guardian and legal representative of her minor daughter, M.M.,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: January 24, 2025

*Lawrence R. Cohan, Saltz, Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On June 12, 2020, Floraida Martinez, as natural guardian and legal representative of her minor daughter, M.M., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that M.M. suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine received on December 13, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 27, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On January 24, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $154,196.90 to purchase an annuity contract, as well as $47,666.67, representing full satisfaction of the

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Commonwealth of Pennsylvania Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **An amount of $154,196.90 (consisting of $143,000.00 for pain and suffering and $11,196.90 for future unreimbursable expenses) to purchase an annuity contract as described in Section II.A. of the proffer; and**

B. **An amount of $47,666.67 to satisfy the Commonwealth of Pennsylvania Medicaid lien as described in Section II.B of the proffer, in the form of a check payable jointly to Petitioner and:**

Commonwealth of Pennsylvania
Bureau of Program Integrity
Division of Third Party Liability
Recovery Section
ID: 280 464 644
CIS #: 280464644
Incident Date: 12/13/2017
P.O. Box 8486
Harrisburg, PA 17105-8486

Petitioner agrees to endorse the check to the Commonwealth of Pennsylvania for satisfaction of the Medicaid lien.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

FLORAIDA MARTINEZ, as natural guardian and legal representative of her minor daughter, M.M.,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 20-709V (ECF)
Chief Special Master Corcoran

**RESPONDENT'S PROFFER OF DAMAGES**

## I. Procedural History

On June 12, 2020, Floraida Martinez ("petitioner") filed a petition for compensation on behalf of her minor daughter, M.M., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended, alleging that, as a result of receiving an influenza vaccine on December 13, 2017, M.M. suffered from Guillain Barré Syndrome. ECF No. 1. On October 26, 2020, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) report setting forth his position that this case is appropriate for compensation under the Act. ECF No. 15. On October 27, 2020, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 16.

## II. Items of Compensation and Form of the Award

A. Pain and Suffering and Future Unreimbursable Expenses

Based upon the evidence of record, respondent proffers that petitioner should be awarded $154,196.90, consisting of $143,000.00 for pain and suffering and $11,196.90 for future unreimbursable expenses. Petitioner agrees.

Respondent therefore proffers an amount not to exceed $154,196.90 to purchase an annuity contract,[1] paid to the life insurance company[2] from which the annuity will be purchased,[3] subject to the conditions described below, that will provide payments to M.M. as set forth below:

a. A certain Lump Sum of $70,605.00 payable on December 12, 2032.

b. A certain Lump Sum of $81,559.00 payable on December 12, 2035.

c. A certain Lump Sum of $98,372.00 payable on December 12, 2039.

The purchase price of the annuity described in this section II.A shall be neither greater nor less than $154,196.90. In the event that the cost of the certain lump sum annuity payments set forth above varies from $154,196.90, the certain lump sum payable on December 12, 2039, shall be

---

[1] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies. The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[3] Petitioner authorizes the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

adjusted to ensure that the total cost of the annuity is neither less than nor greater than $154,196.90. Should M.M. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of M.M.'s death.

These amounts represent all elements of compensation to which M.M. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[4]

B. Past Unreimbursable Expenses

Based upon the evidence of record documenting the expenditure of past unreimbursable expenses related to M.M.'s vaccine-related injury, respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Pennsylvania Medicaid lien in the amount of $47,666.67, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of M.M. from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about December 13, 2017, under Title XIX of the Social Security Act.

The parties recommend that payment be made as a lump sum payment of $47,666.67, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, in the form of a check payable jointly to petitioner and:

[4] At the time payment is received, M.M. will be an adult, and thus guardianship is not required. However, petitioner represents that she presently is, or if necessary, will become, authorized to serve as guardians/conservators of M.M.'s estate as may be required under the laws of the Commonwealth of Pennsylvania.

Commonwealth of Pennsylvania
Bureau of Program Integrity
Division of Third Party Liability
Recovery Section
ID: 280 464 644
CIS #: 280464644
Incident Date: 12/13/2017
P.O. Box 8486
Harrisburg, PA 17105-8486

Petitioner agrees to endorse the check to the Commonwealth of Pennsylvania for satisfaction of the Medicaid lien.

**III. Summary of Recommended Payments Following Judgment**

The parties recommended that compensation be provided to petitioner and request that the Chief Special Master's decision and the Court's judgment award the following:

A. An amount of $154,196.90 to purchase the annuity contract described above in section II.A.

B. An amount of $47,666.67 to satisfy a Medicaid lien as described above in Section II.B.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[5]

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

[5] Should M.M. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Naseem Kourosh
NASEEM KOUROSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 305-1159
Naseem.Kourosh@usdoj.gov

DATED: January 24, 2025